# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL R. CHUBB,

              **Plaintiff,**

    v.                                    CASE NO. 17-3220-SAC

TIM KECK, et al.,

              **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order dated September 27, 2018, the Court directed Plaintiff to show cause why his complaint should not be dismissed for reasons outlined in that order. In lieu of filing a response to the show cause order, Plaintiff filed an amended complaint (ECF No. 13-1).

The amended complaint attempts to address the issues identified in the show cause order and also adds a claim that Defendants interfered with Plaintiff's free exercise rights under the First Amendment. Plaintiff names five (5) new defendants. The Court has the same duty to screen the amended complaint as the original complaint. Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**Background**

Plaintiff has been adjudged a sexually violent predator and involuntarily committed to the Kansas Sexual Predator Treatment Program (SPTP) at Larned State Hospital (LSH) since 2010. Plaintiff's amended complaint (ECF No. 13-1) alleges Defendants violated his religious freedom under the First Amendment, interfered with the delivery of his mail, and conducted unlawful searches and seizures of his personal property. Plaintiff names as defendants Tim Keck, Secretary of the Kansas Department of qAging and Disability Services; Bill Rein, Superintendent of LSH; Michael Dixon, Director of the Sexual Predator Treatment Program (SPTP); Haleigh Bennett, Program Manager; Tony Schwabauer, Chief of Security, LSH; Kevin Stegman, Special Investigator; Gerry Dirks, Special Investigator; Jeff Brown, LSH Chaplain; Heather Keller, SPTP Property Officer; Marshall Newell, SPTP Property Officer; and Christina Rose, SPTP Property Officer.

Plaintiff requests relief in the form of a declaration that Defendants violated his due process rights; an order enjoining Defendants from taking retaliatory action against him; a declaration that his rights were violated by LSH Security Officers conducting warrantless searches and seizures; an order enjoining Defendants from conducting warrantless searches and seizures in the future; the return of his property; punitive damages of $10,000 from each defendant; compensatory damages of $10,000 from each defendant; and costs, fees and expenses.

**Discussion**

*Religious Freedom*

Plaintiff states he is a member of a Native American religious callout group called Gray Wolf. He was kicked out of the callout and began practicing individually in April of 2018. Plaintiff alleges he repeatedly submitted requests to purchase religious supplies necessary to his

worship, such as leather, beads, sage and tobacco, but that his requests were ignored or rejected by Defendants Bennett, Newell and Brown. He further alleges Defendant Brown coerced the members of Gray Wolf to pressure Plaintiff to rejoin the callout by ignoring their requests for supplies and promising to restore their privileges if Plaintiff rejoined the group. In addition, a member of Gray Wolf informed Plaintiff that Defendant Bennett planned to send Plaintiff to the punishment unit if he did not rejoin Gray Wolf. On August 4, 2018, Plaintiff rejoined Gray Wolf under duress. Plaintiff claims the actions of these defendants violated his First Amendment rights.

The Court finds that the proper processing of Plaintiff's First Amendment claim cannot be achieved without additional information from appropriate officials of LSH. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of LSH to prepare and file a *Martinez* report. Once the report has been received, the Court can properly screen this claim under 28 U.S.C. § 1915.

*Interference with Mail*

Plaintiff list a number of instances where Defendants allegedly interfered with his mail:

1) Plaintiff received a Nintendo DS in the mail from an approved vendor on September 20, 2017. Defendant Rose informed Plaintiff that LSH security officers wanted to search the package. Plaintiff requested and was denied a "shakedown" report. Defendant Rose said his request was a refusal and issued Plaintiff a rights restriction for restriction of his mail.

2) On November 28, 2017, LSH Security Officer Kirts opened and searched a package containing an audio equalizer Plaintiff had ordered from an authorized vendor. Plaintiff

consented to this after being told the equalizer would not be allowed into the building if he did not consent. The opening was performed outside Plaintiff's presence.

3) Plaintiff states he received approval to order a RangeMaster X-Treme (a long-range FM transmitter). When it arrived, Defendant Newell issued a rights restriction and returned the package without notice to Plaintiff. Plaintiff alleges Defendant Newell, an SPTP Property Officer, took this action in retaliation for Plaintiff filing a grievance against LSH Security for opening his mail outside his presence. According to Plaintiff, these events were duplicated two more times.

4) On two occasions, Plaintiff gave letters he had written to his court-appointed attorney to unit staff, requesting postage be applied in accordance with the indigent postage policy. Defendant Bennett never responded to Plaintiff's indigent request and the attorney never received Plaintiff's letters.

5) Defendant Bennett failed to process Plaintiff's response to a motion to dismiss in a case pending before the Kansas Office of Administrative Hearings, which resulted in Plaintiff's case being dismissed.

6) Plaintiff's court-appointed attorney handling his annual civil commitment review attempted to send him the district court's decision denying him a hearing. The letter was returned to the attorney with "REFUSED" written on the front. The attorney remailed it, enclosing the original sealed envelope in a second envelope, and Plaintiff received the notice, but by then it was too late for Plaintiff to appeal the district court's decision.

Plaintiff claims the actions of Defendant Schwabauer violated his Fourth and Fourteenth Amendment rights, and the actions of Defendant Bennett violated his First Amendment right of

access to the courts. The Court finds it needs additional information from appropriate officials of LSH to properly screen these claims.

*Unreasonable Search and Seizure*

In this count, Plaintiff also complains of several incidents:

1) May 1, 2017 – Defendant Schwabauer searched Plaintiff's room without consent or a search warrant. He seized audio and USB cables owned by Plaintiff.

2) June 20, 2017 – Defendant Keller seized all of Plaintiff's property. She told Plaintiff she was instructed by Defendant Bennett to send all of his electronics to Defendant Dirks.

3) July 7, 2017 – Plaintiff was interrogated by Defendants Dirks and Schwabauer, without being Mirandized, and was told the June 20 search and seizure was directed by Defendant Bennett.

4) June 19, 2018 – Plaintiff was charged in state court with one count of violating K.S.A. 21-5914(a)(1), Traffic in Contraband, based on the June 20, 2017, search and seizure and the July 7, 2017, interrogation. (Case No. 2018-CR-000071, Pawnee County District Court; dismissed November 6, 2018.)

In addition, Plaintiff mentions more generally several seizures of property that are not related to a criminal investigation. He also alleges in a separate count that he has never been compensated for the seized or damaged property.

Based on these incidents, Plaintiff claims Defendants violated his Fourth and Fourteenth Amendment rights.

The Court remains unconvinced that Plaintiff has a reasonable expectation of privacy such that the searches could violate the Fourth Amendment, as more fully discussed in the show cause

order. Nor is the Court convinced the seizures of which Plaintiff complains constitute atypical and significant hardship in relation to the ordinary incidents of confined life as required to state a claim under the Fourteenth Amendment. See *id.* However, the Court finds it needs additional information from appropriate officials of LSH to properly screen this claim.

*Personal Participation*

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

The allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

In this respect, the amended complaint fails to state a claim against three of the defendants. The only allegations Plaintiff makes about Defendant Keck are that Plaintiff mailed him two letters notifying him of the allegedly unauthorized searches and seizures by LSH security officers. Plaintiff describes no direct personal participation by Defendant Keck.

As for Defendant Rein, Plaintiff alleges he is responsible for ensuring LSH security officers follow policies, and he failed to do so. Plaintiff alleges no more than "abstract authority over individuals who [allegedly] actually committed a constitutional violation." *Fogarty*, 523 F.3d at 1162.

Last, Plaintiff states he notified Defendant Dixon by letter that LSH security officers were conducting unauthorized searches and seizures. As with Defendant Keck, Plaintiff describes no direct personal participation by Defendant Dixon.

At this point in the proceedings, the Court is not persuaded that Plaintiff has adequately pled supervisory liability or personal participation of these defendants and will not direct service on them.

## Conclusion

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of LSH. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court

7

orders the appropriate officials of LSH to prepare and file a *Martinez* report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of Court shall prepare waiver of service forms for defendants Bennett, Newell, Brown, Schwabauer, Dirks, Keller, Stegman, and Rose pursuant to Rule 4 of the Federal Rules of Civil Procedure, to be served at no cost to Plaintiff absent a finding by the Court that Plaintiff is able to pay such costs.

**(2)** The report required herein shall be filed no later than sixty (60) days from the date of this order, and Defendants' answers shall be filed within **sixty (60) days** following receipt of that report by counsel for Defendants or as set forth in the waiver of service, whichever is later.

(3) Officials responsible for the operation of the Larned State Hospital (LSH) are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. LSH must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of LSH to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the amended complaint shall be filed until the *Martinez* report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answers or responses to the amended complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Larned State Hospital as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein. Upon the filing of that report, the hospital may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED: This 29th day of May, 2019, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**