IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL R., CHUBB,

        Plaintiff,

v.                                                  CASE NO. 17-3220-SAC

TIM KECK, et al.,

        Defendants.

**O R D E R**

This matter is before the Court on Plaintiff's Motions for Extension of Time (ECF Nos. 35, 37, and 38) to file a response to Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 33). Plaintiff requests the deadline to file a response be extended to May 8, 2020. The Court has considered the motions and grants Plaintiff's request for an extension.

Plaintiff also makes requests for appointment of counsel in these motions. As Plaintiff is aware due to the denial of his previous motion to appoint counsel, there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner]

1

in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's complaint survives the dispositive motion filed by Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Extension of Time (ECF Nos. 35, 37, and 38) are **granted**. The deadline for Plaintiff to file a response to Defendants' Motion to Dismiss for Failure to State a Claim is extended to **May 8, 2020**.

**IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel is **denied**.

**IT IS SO ORDERED.**

DATED: This 28th day of April, 2020, at Topeka, Kansas.

> s/ Sam A. Crow
> **SAM A. CROW**
> **U.S. Senior District Judge**